IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN ROBERT COE,
      Plaintiff,

v.            CIVIL ACTION NO. 2:19-cv-00224

ANDREW SAUL,
Commissioner of Social Security,

      Defendant.

MEMORANDUM OPINION AND ORDER

  This case arises out of Plaintiff John Robert Coe's request for review of the final decision of Defendant Andrew Saul Acting Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–433 ("the Act"). Pursuant to a 28 U.S.C. § 636(b)(1)(B) and a Standing Order, this civil case, this case was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition. On October 21, 2019, the Magistrate Judge submitted proposed findings and made various recommendations. [ECF No. 15]. On October 24, 2019, the plaintiff filed timely objections to the proposed findings and recommendations ("PF&R"). [ECF No. 16].

  The court has reviewed de novo those portions of the PF&R to which Defendant objects. For reasons set forth below, the court **ADOPTS** the Magistrate Judge's proposed findings. The Court thus **GRANTS** Plaintiff's request for remand, [ECF No.

13], **DENYS** Defendant's request to affirm the decision below [ECF No. 14]; **REVERSES** the final decision of the Commissioner; and **REMAND**S this matter back to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings.

## I. Introduction

I adopt and incorporate the Magistrate Judge's thorough discussion of the facts and procedural posture of this case. I find it necessary to provide only a brief summary here. Plaintiff protectively filed his application for Title II benefits on July 28, 2015 alleging disability since June 1, 2009, because of diabetes, bi-polar disorder, attention deficit hyperactivity disorder, hyperlipidemia, depression, and anxiety. *See* Tr. [ECF No. 9] 396–402, 418. On February 8, 2018, the Honorable Gina Pesaresi, Administrative Law Jude ("ALJ") denied Plaintiff's application. *Id.* at 183–190. She concluded that Plaintiff did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; in short, the ALJ concluded that Plaintiff did not have a severe impairment or combination of impairments. *Id.* at 186. On April 13, 2018, Plaintiff sought review by the Appeals Council of the ALJ's decision. *Id.* at 10–18. The ALJ's decision became the final decision of the Commissioner on January 28, 2019 when the Appeals Council denied Plaintiff's Request. *Id.* at 1–6. On March 27, 2019, Plaintiff timely brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). [ECF No. 2].

Plaintiff argues that the ALJ did not have substantial evidence to support her finding that Plaintiff does not have a disability, as defined by the Act. *See* [ECF No. 2] ¶¶ 7–13. Specifically, Plaintiff argues that the ALJ impermissibly failed to consider his treating physician's opinion dated June 13, 2017. *See id.*

## II.   Legal Standard

### A.   Standard of Review of Proposed Findings of Fact and Recommendations

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).

### B. Standard for Claiming Social Security Benefits

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a five step "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520. If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* at § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(f). By satisfying either the third or fourth inquiry the claimant establishes a prima facie case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "The burden then shifts to the [] [Commissioner] and leads to the fifth and final inquiry in the sequence: whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Id.*

When a claimant alleges a mental impairment, the Social Security Administration ("SSA") "must follow a special technique at every level in the administrative review process." *Id.* § 404.1520a(a). First, the SSA evaluates the claimant's pertinent symptoms, signs and laboratory findings to determine whether the claimant has a medically determinable mental impairment and documents its

4

findings if the claimant is determined to have such an impairment. Second, the SSA rates and documents the degree of functional limitation resulting from the impairment according to criteria as specified in 20 C.F.R. § 404.1520a(c). Third, after rating the degree of functional limitation from the claimant's impairment(s), the SSA determines their severity. *Id.* § 404.1520a(d)(1). Fourth, if the claimant's impairment(s) is/are deemed severe, the SSA compares the medical findings about the severe impairment(s) and the rating and degree and functional limitation to the criteria of the appropriate listed mental disorder to determine if the severe impairment(s) meet or are equal to a listed mental disorder. *Id.* § 404.1520a(d)(2).

If the SSA finds that the claimant has a severe mental impairment(s) which neither meets nor equals a listed mental disorder, the SSA assesses the claimant's residual functional capacity. *Id.* § 404.1520a(d)(3). The Regulations further specifies how the findings and conclusion reached in applying the technique must be documented at the ALJ and Appeals Council levels. *See id.* § 404.1520a(e)(4).

### C. Standard of Review of Commissioner's Decision

The scope of judicial review by the federal courts of a Commissioner's decision is specific and narrow. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The Commissioner, not the Court, is charged with resolving conflicts in the evidence, however, the Court determines if the final decision of the Commissioner is based upon an appropriate application of the law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The Act provides that the findings of the Commissioner as to any fact, "if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "The

fact that the record as a whole might support an inconsistent conclusion is immaterial, for the language of § 205(g) precludes a de novo judicial proceeding and requires that the court uphold the [ ] [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock*, 483 F.2d at 775 (citing *Whiten v. Finch*, 437 F.2d 73, 74 (4 Cir. 1971)). The phrase "substantial evidence" has been defined by the Fourth Circuit to mean:

> . . . evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.

*Id.* There are four elements of proof to be weighed in determining whether there is substantial evidence to support the Secretary's decision:

> (1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age.

*Id.* In reviewing for substantial evidence, the Fourth Circuit has held "we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).

### III. Discussion

#### A. Review of Defendant's Objection

Magistrate Judge Aboulhosn found that because the ALJ determinant that Plaintiff was not disabled at step two of the sequential evaluation, the ALJ was under no duty to proceed with the rest of the analysis. PF&R [ECF No. 15] 18. The Magistrate Judge further found that "[t]he ALJ supported her findings and conclusions by specific citations to the evidence of record, and are therefore supported by substantial evidence." *Id.* at 19. The Magistrate Judge thus concluded that "the ALJ complied with the pertinent Regulations and jurisprudence in determining Claimant's mental and physical impairments were non-severe." *Id.* Magistrate Judge Aboulhosn nevertheless found that the ALJ's failure to address Dr. Watson's opinion "deviated from the clear mandate of the Regulations that such opinions, especially those provided by treating physicians, are entitled to be considered, regardless of when they were provided." The Magistrate Judge recommends remanding the case, on the basis that the final decision to deny Plaintiff's application for benefits is not supported by substantial evidence because the ALJ failed to consider Plaintiff's treating physician's opinion.

Defendant now objects to the Magistrate Judge's recommendation. *See* [ECF No. 16] 2. Defendant objects on the basis that the ALJ did not err by not addressing Dr. Watson's opinion and objects to the recommendation of remand, claiming remand will not change the outcome of the ALJ decision. [ECF No. 16].

Magistrate Judge Aboulhosn accurately summarized the contents of Dr. Watson's opinion, which is as follows:

> On June 13, 2017, Dr. Watson completed a check-the-box form pertaining to Claimant's [(Plaintiff Coe)] ability to do

7

> work-related activities. (Tr. at 1453–1456) Dr. Watson indicated that Claimant could lift and carry only ten pounds occasionally and less than ten pounds frequently; stand and walk two hours in an eight-hour workday; and sit about six hours in an eight-hour workday. (Tr. at 1453–1454) Dr. Watson also indicated that Claimant had limited pushing and pulling ability in his lower extremities; could only occasionally balance, but never climb, kneel, crouch, crawl, or stoop; and could only occasionally reach in any direction, but could frequently handle. (Tr. at 1454–1455) Dr. Watson also stated that Claimant should avoid dust, vibration, work hazards, and pulmonary irritants. (Tr. at 1456).

PF&R [ECF No. 15] 12.

Defendant argues that the ALJ did not err because Dr. Watson's opinion is irrelevant and postdates the relevant period by two and half years and does not purport to relate back. *See id.* To be entitled to DIB, a claimant must establish disability prior to the expiration of his or her insured status (also known as "DLI"). *See Johnson*, 434 F.3d at 655–656; 42 U.S.C. § 423(a)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a). In this case, Plaintiff's DLI is December 31, 2014. Tr. [ECF No. 9] 184. Dr. Watson's opinion is dated June 13, 2017. Medical evaluations made after a claimant's insured status has expired, however, are "not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012); *see also Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987) (finding an ALJ erred in failing to consider a medical opinion made post-DLI); (*Cox v. Heckler*, 770 F.2d 411 (4th Cir.1985) (remanding for consideration of post-hearing evidence given claimant's progressively deteriorating lung condition). Post-DLI medical evidence need not

contain retrospective diagnoses to be considered. *See Bird*, 699 F.3d at 341. Rather, considering this evidence is appropriate when "the record is not so persuasive as to rule out any linkage of the final condition of the claimant with his earlier symptoms." *Id.* (internal citation omitted). In *Bird*, the Fourth Circuit reversed finding that the ALJ erred in failing to consideration a medical report made after claimant's DLI because that report "related to" the claimant's history of impairments. *Id.*

Here, "there is no dispute that Dr. Watson's opinion does not specify that the opined limitations existed prior to Claimant's DLI, or that it only concerns Claimant's physical impairments, specifically, his back and joint pain." PF&R [ECF No. 15]; *see also* Tr. [ECF No. 9] 1307, 1319, 1415. The medical record shows that Claimant did not complain of back and joint pain until September 2016, more than a year and a half after his DLI. *Id.* There is also no dispute that the ALJ does not reference Dr. Watson's opinion in her decision. *See* Tr. [ECF No. 9] 183–190.[1] After conducting a de novo review, I find that the Magistrate Judge's reasoning in this case was correct. "Clearly, the fact that the opinion post-dates [Plaintiff] Claimant's DLI is a factor to be considered by the ALJ, which necessarily requires weighing any conflicting evidence of record in order to properly evaluate same." PF&R [ECF No. 15] 20. I cannot supplant my own evaluations and judgment about the persuasiveness of Dr. Watson's opinion for that of the ALJ. Remand is therefore the appropriate remedy. "Because the issues presented in this appeal necessarily involve the reconciliation of conflicting evidence, and the weighing of evidence, it is beyond this Court's

---

[1] I note, however, that the ALJ listed Dr. Watson's physical medical source statement under the list of exhibits attached to the written decision. Tr. [ECF No. 9] 194.

jurisdiction to remand with an award for benefits." *Id.* (citing SSR 96-8p, 1996 WL 3741784, at *7; *Johnson*, 434 F.3d at 653). Accordingly, I adopt and incorporate the Magistrate Judge's recommendation and remand the case to the ALJ for further consideration in light of this opinion.

### B. Review of Portions of PF&R to which Defendant Did Not Object

When a party fails to object to a portion of a Magistrate Judge's report, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Camby v. Davis,* 718 F.2d 198, 200 (4th Cir. 1983); *Campbell v. United States D. Ct. N.D. Cal.,* 501 F.2d 196, 206 (9th Cir. 1974). The court has reviewed those portions of the PF&R to which Defendant did not object and finds no clear error on the face of the record.

### IV. Conclusion

The court **ADOPTS** and **INCORPORATES** the PF&R, [ECF No. 15]. Accordingly, the court **GRANTS** Plaintiff's request for reversal of the final decision, [ECF No. 13], **DENYS** the Defendant's request to affirm the final decision, [ECF No. 14], **REVERSES** the final decision of the Commissioner, and **REMANDS** this matter back to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings in order to consider and evaluate the opinion evidence provided by Dr. Watson, Plaintiff's treating physician. The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 11, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE